U.S. HOME CORPORATION, d/b/a Lundgren Bros. Construction, Inc., Plaintiff,

v.

R.A. KOT HOMES INC., Milan Daoheuang, and Bea Daoheuang, Defendants.

Civil No. 07–1274 (JRT/FLN).

United States District Court, D. Minnesota.

May 23, 2008.

Keith S. Moheban, David D. Axtell, and Erin C. Skold, Leonard Street And Deinard, PA, Minneapolis, MN, for plaintiff.

David A. Davenport and Brent A. Lorentz, Winthrop & Weinstine, PA, Minneapolis, MNfor defendant R.A. Kot Homes Inc.

David K. Snyder, Eckberg Lammers Briggs Wolff & Vierling, PLLP, Stillwater, MN, Craig W. Baumann, Craig W. Baumann, PA, Woodbury, MN, for defendants Milan Daoheuang and Bea Daoheuang.

## ORDER ADOPTING REPORT AND RECOMMENDATION

JOHN R. TUNHEIM, District Judge.

U.S. Home Corporation filed this action against R.A. Kot Homes Inc. ("R.A.Kot"), Milan Daoheuang, and Bea Daoheuang, alleging copyright infringement. R.A. Kot filed a motion for summary judgment. In a Report and Recommendation dated March 27, 2008, United States Magistrate Judge Franklin L. Noel recommended that this Court deny R.A. Kot's motion. *See* 28 U.S.C. § 636(b)(1)(B). R.A. Kot now objects to that recommendation. After reviewing the Report and Recommendation *de novo, see* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b), the Court overrules R.A. Kot's objection and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND [1]

U.S. Home Corporation owns copyrights for a residential home design named the "Remington." The copyrights were specifically for the Remington technical drawings and for the architectural structure built from the drawings. On April 4, 2005, Milan and Bea Daoheuang entered into a purchase agreement with U.S. Home Cor-

poration to build them a Remington. The Daoheuangs cancelled this agreement on April 23, 2005 "because of a survey issue." The Daoheuangs entered into a second purchase agreement with U.S. Home Corporation on September 9, 2005, again to build a Remington. The Daoheuangs worked with U.S. Home Corporation's sales associate Cindy Miller on both agreements.

After the second purchase agreement was signed, the Daoheuangs worked with Cindy Miller to customize their home. The relationship between Miller and the Daoheuangs became strained and, on one occasion, Miller cursed at Bea Daoheuang. The Daoheuangs terminated the second purchase agreement shortly after this encounter. In his deposition, Milan Daoheuang gave a number of reasons for why he and his wife terminated the second purchase agreement. He said that U.S. Home Corporation could not build the house they wanted, that Miller swore at his wife, that there was a drainage problem with the lot, and that Miller told them to go to a custom builder. With respect to the drainage issue, Milan Daoheuang added that: "If [Miller] can build me the house, I could have picked another lot." When Bea Daoheuang was asked whether, after the second purchase agreement was terminated, she was still interested in having U.S. Home Corporation build a house for her family, she testified that she did not remember "the exact thoughts at the time."

Eventually, defendant R.A. Kot built a home for the Daoheuangs. U.S. Home Corporation then filed this action alleging that the home built by R.A. Kot violates its

---

1. R.A. Kot indicates that it does not object to the facts set forth by the Magistrate Judge. Those facts are repeated below only to the extent necessary to rule on defendant's objection.

Remington copyrights. U.S. Home Corporation alleges that R.A. Kot is one of its direct competitors, and that the home was built within three miles of where plaintiff had agreed to build for the Daoheuangs.

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### II. COPYRIGHT INFRINGEMENT

■ "To prevail on a copyright infringement claim, [plaintiff] must prove ownership of a valid copyright and copying of original elements of the work." *Taylor Corp. v. Four Seasons Greetings, LLC,* 403 F.3d 958, 962–63 (8th Cir.2005) (quotation omitted). A prevailing plaintiff "is entitled to recover the actual damages suffered by him or her as a result of the infringement[.]" 17 U.S.C. § 504(b). In a case involving infringement of a home design

among competitors in the same housing market, the Sixth Circuit has approved the use of lost sales as a measure of actual damages, on the theory that any sale made by the defendant in those circumstances would have been a sale for the plaintiff. *Robert R. Jones Assocs., Inc. v. Nino Homes,* 858 F.2d 274, 280–81 (6th Cir. 1988). "[O]nce a copyright holder establishes with a reasonable probability the existence of a causal connection between the infringement and a loss of revenue, the burden properly shifts to the infringer to show that this damage would have occurred had there been no taking of copyrighted expression." *Harper & Row Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 567, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985).

■ R.A. Kot moves for summary argument on U.S. Home Corporation's claim for lost profits. R.A. Kot's sole argument is that there is insufficient evidence that the Daoheuangs would have returned to U.S. Home Corporation to purchase a Remington, in light of the contentious manner in which they parted ways.[2] R.A. Kot argues that plaintiff is therefore unable to "establish[ ] with a reasonable probability the existence of a causal connection between the infringement and a loss of revenue." *Id.* U.S. Home Corporation responds that a jury could reasonably find that the Daoheuangs would have purchased a home from U.S. Home Corporation if not for their decision to infringe. This Court agrees. As plaintiff points out, the Daoheuangs and U.S. Home Corporation entered into two separate purchase agreements for a Remington. The Daoheuangs then allegedly hired R.A. Kot to

---

**2.** In R.A. Kot's initial motion, it also argued that it was entitled to summary judgment because plaintiff did not own the Remington copyrights. The Magistrate Judge disagreed, concluding that plaintiff does own these copyrights. Defendant has not objected to that determination. Accordingly, the Court adopts that conclusion of the Magistrate Judge without further discussion.

build such a home, just miles from where they had planned to build with U.S. Home Corporation. In those circumstances, a jury could reasonably conclude that the Daoheuangs had great affection for both the copyrighted design and the area where they eventually built, and would have returned to negotiations with U.S. Home Corporation if that was the only way to acquire a Remington. Accordingly, the Court overrules R.A. Kot's objection, and adopts the Report and Recommendation of the Magistrate Judge. R.A. Kot's motion for summary judgment on plaintiff's lost profits claim is denied.

This case will be placed on the Court's next available trial calendar.

### ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant R.A. Kot Homes Inc.'s Objection to the Report and Recommendation of the Magistrate Judge [Docket No. 53] is **OVERRULED.** The Magistrate Judge's Report and Recommendation dated March 27, 2008 [Docket No. 50] is **ADOPTED.** Accordingly, defendant R.A. Kot Homes Inc.'s Motion for Summary Judgment [Docket No. 33] is **DENIED.**

### REPORT AND RECOMMENDATION

FRANKLIN L. NOEL, United States Magistrate Judge.

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 11, 2003 on Defendant R.A. Kot Homes, Inc.'s Motion for Summary Judgment [# 33]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's motion be denied.

## I. FINDINGS OF FACT

On June 4, 2006, Lundgren Brothers Construction, Inc. ("Lundgren") obtained copyright registrations for a residential home design named the Remington. (Axtell Decl. Ex. B.) The copyrights were specifically for the Remington technical drawings and for the architectural structure built from the drawings. (*Id.*) On June 4, 2005, Lundgren merged with U.S. Home Corporation ("U.S.Home") pursuant to Articles of Merger filed with the Minnesota Secretary of State on that day. (Axtell Decl. Ex. A.) Under the Articles, U.S. Home was the surviving entity from the merger. (*Id.*) U.S. Home continued however to do business under Lundgren name after the merger. (Davenport Aff. Ex. A(St. Amant Dep.) 37:3–11.)

On April 4, 2005, Meilan and Bea Daoheuang entered into a purchase agreement with Lundgren to build a Remington home. (Axtell Decl. Ex. J.) The Daoheuangs cancelled this purchase agreement on April 23, 2005 "because of a survey issue." (Axtell Decl. Ex. J (Miller Dep.) 72:2.) The Daoheuangs entered into a second purchase agreement with Lundgren to build a Remington home on September 9, 2005. (Axtell Decl. Ex. K.) The Daoheuangs worked with Lundgren sales associate Cindy Miller both times that they signed a purchase agreement. (Axtell Decl. Ex. J (Miller Dep.) 53:8–13; 54:8–11.)

After the second purchase agreement was signed, the Daoheuangs worked with Cindy Miller on customizing their home. The relationship between Miller and the Daoheuangs became strained and, on one occasion, Ms. Miller swore at Ms. Daoheuang. (Davenport Aff. Ex. I (Miller Dep.) 94:11–95:2.) The Daoheuangs terminated the second purchase agreement shortly after this encounter. (*Id.* at 95:1–

2.) In his deposition, Mr. Daoheuang gave a number of reasons for why he and his wife terminated the second purchase agreement; he said that Lundgren could not build the house they wanted, that Cindy Miller swore at his wife, that there was a drainage problem with the lot and that Miller told them to go to a custom builder. (Axtell Decl. Ex. H (Bea Daoheuang Dep.) 10:1–4.) With respect to the drainage issue, he also testified that: "If she can build me the house, I could have picked another lot." (*Id.* at 68:8–10.) When Mrs. Daoheuang was asked whether, after the second purchase agreement was terminated, she was still interested in having Lundgren build a house for her family, she testified that she did not remember "the exact thoughts at the time". (Axtell Decl. Ex. G (Meilan Daoheuang Dep.) at 176:1–5.)

R.A. Kot Homes, Inc. eventually built a home for the Daoheuangs. The Daoheuangs had no contact with R.A. Kot until after they cancelled the second purchase agreement with Lundgren. (Davenport Aff. Ex. B (Bea Daoheuang Dep.) at 59:10–13.)

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure Rule 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In order to determine whether a certain fact is material, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment will not be granted "if the

dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The inquiry performed is the threshold inquiry of determining whether ... there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When the moving party brings forth a proper summary judgment motion, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c).")

## III. LEGAL ANALYSIS

### A. U.S. Home Corporation Owns the Copyrights in Suit.

Defendant R.A. Kot claims that Plaintiff U.S. Home does not own the copyrights in suit because they are owned by Lundgren.

Minnesota Statute § 302A.641, subdivision 2(d), provides that when two companies merge, "[a]ll property, real, personal,

and mixed, and all debts due on any account, including subscriptions to shares, and all other choses in action, and every other interest of or belonging to or due to each of the constituent organizations vests in the surviving organization without any further act or deed." Under 17 U.S.C. § 204(a), a copyright may be transferred by "operation of law." Courts have interpreted a transfer by "operation of law" to include mergers and any other transaction that "establish[es] the author's express or implied consent" to transfer the copyright. *Taylor Corp. v. Four Seasons Greetings, LLC,* 403 F.3d 958, 963 (8th Cir.2005) (quoting *Brooks v. Bates,* 781 F.Supp. 202, 205 (S.D.N.Y.1991)).

The two copyrights were issued to Lundgren Brothers on June 21, 2004. (Axtell Aff. Ex. B.) On June 4, 2005, the Minnesota Secretary of State issued a certificate of merger between Lundgren Brothers Construction, Inc. and U.S. Home Corporation. (Axtell Aff. Ex. A.) The certificate indicates that the surviving entity after the effective date of merger, June 4, 2005, was U.S. Home Corporation. (Axtell Decl. Ex A.) According to Minnesota Statute § 302A.641, subdivision 2(d), the copyrights in suit vested in U.S. Home Corporation on June 4, 2005, the effective date of the merger, without any "further act or deed" on the part the surviving company. That is, U.S. Home was not required under the statute to have the copyright certificates re-issued under its name. By way of the merger, the copyrights were transferred to U.S. Home by operation of law.

**B. There is a genuine issue of material fact with respect to whether or not U.S. Home should recover lost profits.**

R.A. Kot contends that summary judgment should be granted with respect to Plaintiff's claim for lost profits. R.A. Kot claims that the Daoheuangs would not have contracted with Lundgren to build them a home even if they could not have built an allegedly infringing home with R.A. Kot.

■ **17** 17 U.S.C. § 504(b) provides that a copyright owner may recover "the actual damages suffered by him or her as a result of the infringement" in addition to "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Actual damages may include, among other things, lost profits. *Mary Ellen Enterprises v. Camex, Inc.,* 68 F.3d 1065, 1070 (8th Cir.1995) (unholding a jury verdict awarding actual damages that included lost profits for copyright infringement).

In proving lost profits, "once a copyright holder establishes with reasonable probability the existence of a causal connection between the infringement and a loss of revenue, the burden properly shifts to the infringer to show that this damage would have occurred had there been no taking of copyrighted expression." *Harper & Row Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 567–568, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985).

Assuming but without deciding that the Plaintiff in this case has established with reasonable probability the existence of a causal connection between the infringement and a loss of revenue, the Court concludes that there is a genuine issue of material fact as to whether U.S. Homes would have lost the sale but for R.A. Kot's alleged infringing use of the copyrights. R.A. Kot contends that the Daoheuangs would never have returned to Lundgren to build a house because the sales agent, Cindy Miller, swore at Ms. Daoheuang. After Miller swore at Ms. Daoheuang, the Daoheuangs promptly cancelled the pur-

chase agreement and were refunded their deposit.

In response to this argument, the Plaintiff contends that these facts do not establish that the Daoheuangs would not have returned to Lundgren a third time to build a Remington home. The Daoheuangs had cancelled a purchase agreement with Lundgren in April 2005 (because of "a survey issue") and subsequently entered into another purchase agreement with them in September 2005. (Eyer Dep. at 72:2.) Both purchase agreements were for a Remington design home. The Defendants further contend that no party testified that the Daoheuangs and Lundgren refused to work with one another.

Defendant R.A. Kot essentially asks this Court to conclude as a matter of law that when a home buyer cancels a contract after failed, contentious negotiations, it will never contract with the seller again. A jury could find that the Daoheuangs loved the Remington home design and would have returned to Lundgren to build such a home had R.A. Kot not built an allegedly infringing design. On the other hand, a jury might conclude that, based on the Daoheuang's dealings with Lundgren and their belief that Lundgren could not build them the home they wanted, the Daoheuangs would not have returned to Lundgren. Given these circumstances, there is a genuine issue of material fact as to whether or not the Daoheuangs would have contracted with Lundgren to build a Remington home but for R.A. Kot's infringement.

## IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant R.A.

Kot Homes, Inc.'s Motion for Summary Judgment [# 33] be **DENIED**.

March 27, 2007.